## DAVID

v.

## ANNAPOLIS BANKING & TRUST CO. et al.

### No. 6633.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1953.

Decided Dec. 9, 1953.

344

Allan H. Fisher, Jr., and Samuel J. Fisher, Baltimore, Md., for appellant.

Richard W. Emory and Frank T. Gray, Baltimore, Md. (Piper & Marbury, Baltimore, Md., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a discharge in bankruptcy on the ground that bankrupt had obtained a loan from a bank as the result of making to the bank materially false statements in writing respecting her financial condition. The facts are fully set forth in the opinion of the court below and need not be repeated here. See In re David, 112 F.Supp. 82. The bankrupt is a married woman whose husband obtained the loan from the bank in her name. The bank refused to make the loan unless she would file a statement as to her financial condition. She signed such a statement which was filed with the bank by her husband and the loan obtained. In the statement she grossly misrepresented her financial condition and her only excuse is that she relied upon her husband, whom she allowed to carry on business in her name. We agree with the court below that this is not sufficient excuse to justify the granting of the discharge. Bankrupt must have known that her statement was to be used as a basis of credit, yet she made no effort to verify the facts stated and had no reasonable ground to believe that they were true. A wife who allows her husband to do business in her name and signs without question any sort of paper that he presents to her is not entitled to a discharge in bankruptcy merely because she has relied upon him where she has signed a statement as to her financial condition with "reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct." See Morimura, Arai & Co. v. Taback, 279 U.S. 24, 33, 49 S.Ct. 212, 215, 73 L.Ed. 586; Banks v. Siegel, 4 Cir., 181 F.2d 309; Levy v. Industrial Finance Corp., 4 Cir., 16 F.2d 769; Collier on Bankruptcy 14th ed., vol. 1, p. 1373. We find nothing in the record which would justify our disturbing the findings of the lower court or the order entered thereon.

Affirmed.