In the Matter of John Henry MORAN, Appellant, Bankrupt.

No. 71–1135.

United States Court of Appeals, Third Circuit.

Submitted Jan. 28, 1972.

Decided Feb. 18, 1972.

John Henry Moran, pro se.

Leo Neiwirth, Newark, N. J., for appellee.

Before McLAUGHLIN, HASTIE and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from an order of the district court affirming Referee Lipkin's order denying appellant's discharge in bankruptcy. The Referee's refusal to discharge the debtor was based on the grounds that he knowingly and fraudulently made a false oath in violation of 18 U.S.C. § 152.

On October 9, 1968, appellant filed a Wage Earners' Petition and Schedules, seeking an extension of time to pay his debts under the provisions of Chapter XIII of the Bankruptcy Act. At that time he failed to list "The Tuition Plan of New Hampshire, Inc.," to whom he was indebted, as one of his creditors. Appellant defaulted in his Wage Earners' payments which resulted in the dismissal of the Chapter XIII proceedings and an adjudication in the bankruptcy on June 18, 1969. On June 20, 1969, the debtor filed an Application for Leave to Amend Schedules to include as an unsecured creditor "The Tuition Plan of New Hampshire, Inc." in the amount of $1,700.80. The reason given for the failure to previously list the claim was ". . . applicant through inadvertence forgot to list the aforementioned debts." Tuition Plan objected to debtor's being discharged in bankruptcy based on the fact that debtor committed an offense punishable by imprisonment under 18 U.S.C. § 152 in that he had knowingly and fraudulently made a false oath to the Schedules and Statements of Affairs, previously filed by him. The Referee denied the discharge which was subsequently reviewed by Judge Barlow who affirmed that decision. Appellant now appeals to this Court. He states that there was no intent to commit fraud and therefore the denial of discharge was in error.

■ The actions of the debtor clearly show that he was aware of the debt when he filed the Wage Earners' Petition. We cannot believe that he "forgot" to include Tuition Plan when he re-

ceived $500 from it less than two weeks before filing and continued to pay installments to it of $66.25 per month for a few months. On January 1, 1969 he received still another $500 from Tuition Plan. Certainly had Tuition Plan been aware of the Chapter XIII proceedings it would not have advanced an additional $500. The Referee was correct in his finding that the omission of Tuition Plan on the list of creditors was intended to mislead that creditor and was a material issue in the bankruptcy proceeding. The acts of the debtor demonstrate that he wilfully and knowingly made a false oath so that he might obtain an additional $500.

Appellant's contention that he did not intend to defraud Tuition Plan is not borne out by his conduct. Intent is a state of mind which may be interpreted by the conduct of the person implicated. The bald truth is that appellant's deliberate action enabled him to obtain an additional $500. In no case cited by appellant to support his arguments did the petitioner benefit by failing to list a creditor as the debtor has here. In fact appellant's omission enabled him to become deeper in debt to a creditor before revealing his true financial condition to said creditor.

We have reviewed the record and find there was ample evidence to support the Referee's findings. The right to discharge is within the sound discretion of the bankruptcy court and, except in a situation of gross abuse, the appellate tribunal should not interfere. See In Re Barbato, 421 F.2d 1324 (3rd Cir. 1969). Appellant has presented no valid reasons for rejecting the findings of the Referee who held the hearing, listened to the testimony and observed the sole witness, the appellant himself. See Kansas Federal Credit Union v. Niemeier, 227 F.2d 287 (10th Cir. 1955); Wolfe v. Tri-State Insurance Co., 407 F.2d 16 (10th Cir. 1969); Minella v. Phillips, 245 F.2d 687 (5th Cir. 1957). The judgment of the district court will be affirmed.

Appellant might bear in mind that if and when he is able to meet his indebtedness to the Tuition Plan of New Hampshire and does so, such action could be helpful in again petitioning the Referee for his discharge in bankruptcy.