In the Matter of Sally Stephenson FRISBY, in Bankruptcy.

W. F. HOLDER, d/b/a Commercial Finance Co., Appellant-Plaintiff,

v.

Sally Stephenson FRISBY, Appellee-Defendant.

No. S74–41B.

United States District Court, S. D. Mississippi, S. D.

April 27, 1976.

Jason H. Floyd, Floyd & Floyd, Gulfport, Miss., for appellant-plaintiff.

Cecil G. Johnson, Biloxi, Miss., for appellee-defendant.

## OPINION AND ORDER OF THE COURT

DAN M. RUSSELL, Jr., Chief Judge.

This appeal arises from the bankruptcy of Sally Stephenson Frisby.

The hearing was held before the Referee in Bankruptcy on September 25, 1975, to determine the dischargeability of the Appellee's debt to Appellant pursuant to § 17(a)(2) of the Bankruptcy Act (11 U.S.C. § 35) which provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another; . . ."

Appellant alleges that the discharge of the bankrupt as far as it affects this particular indebtedness should be denied since the Appellee had obtained a loan in the amount

of $960.00 on October 10, 1973 from the Appellant by falsely representing that she was the owner of certain household furnishings and appliances pledged as collateral for this loan. Two other allegations of fraud were charged against Appellee by Appellant, but at the hearing, the objection to the dischargeability of the debt was restricted to the issue of wrongful conversion of mortgaged property under § 17(a)(2) of the Bankruptcy Act, *supra.*

The Referee in Bankruptcy, after a full hearing, found that the uncontradicted testimony of the Appellee-Bankrupt was to the effect that she discarded worn out furniture, which she had pledged as collateral to the Appellant, and her testimony in this regard was consistent throughout the hearing in spite of efforts by the Appellant to discredit her on cross-examination. The Referee in Bankruptcy further found that her testimony and attitude convinced him that she acted in good faith in her dealings with the creditor and was in no way guilty of any fraud, deception or wrongful conversion of property.

██ The Referee's findings of fact are binding upon this Court unless they are clearly erroneous. Fed.R.Civ.P. 52(a). This was incorporated into the Bankruptcy Rules as Rule 810, which provides:

"Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witnesses."

Even should this Court feel constrained to find adversely to the Appellee here, it is bound by the Referee's findings unless clearly erroneous under the rules set out immediately above.

An examination of the record reveals that this case involved nothing more than household furniture, with a highly suspect marketable value. The Referee pointed out in his opinion that "household goods are not accepted by the creditor as collateral be-

cause of liquidation value, but because they are precious to the debtor and he fears their loss if he doesn't make his payments." With this observation and finding, this Court must agree.

██ The sole testimony produced before the Referee in Bankruptcy relative to the conversion of the household furniture was to the effect that it was worn out and discarded. For a conversion of property to be "willful and malicious" under § 17(a)(2) of the Bankruptcy Act (11 U.S.C. § 35), it must be done without the owners knowledge or consent, intentionally, without justification and excuse to his injury. See *Collier on Bankruptcy*, 14th Ed. 1A: 17.17 (p. 1653). In the case of *In Re Jones*, 490 F.2d 452 (5th Cir. 1974), the Court used the following language:

"The right to a discharge in bankruptcy is addressed to the sound discretion of the bankruptcy court, and appellate courts should interfere only for the most cogent, compelling reasons in situations of gross abuse. *In the Matter of Moran*, 3 Cir. 1972, 456 F.2d 1030, cert. denied 409 U.S. 872, 93 S.Ct. 201, 34 L.Ed.2d 123; *In the Matter of Barbato*, 3 Cir. 1970, 421 F.2d 1324, 1327; *Jayne Meadows Travel Agency v. Dashiell*, 9 Cir. 1969, 416 F.2d 1253; *Spach v. Strauss*, 5 Cir. 1967, 373 F.2d 641, Citing *Minella v. Phillips*, 5 Cir. 1957, 245 F.2d 687, 690; *Kansas Fed. Credit Union v. Niemeier*, 10 Cir. 1955, 227 F.2d 287, 291."

\*      \*      \*      \*      \*      \*

"The Bankruptcy Act was intended to be a sturdy bridge over financially troubled waters by means of which 'the honest but unfortunate debtor' may reach 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.' *Local Loan Co. v. Hunt*, 1934, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235. We refuse to make it a treacherous tightrope on which the slightest misstep spells disaster and over which only the most accomplished acrobat can successfully pass."

Therefore, for the reasons set out herein-above, the decision of the Referee in Bankruptcy should be, and is hereby, affirmed.

SO ORDERED, this, the 23rd day of April, 1976.