PER CURIAM:
 

 Highland Village Bank sought to prevent either the discharge in bankruptcy of Charles Moore Bardwell, Jr. and Rachel Hudgins Bardwell, his wife, or the discharge of their debt to the Bank. The Bank asserted that a knowingly false financial statement was given to the Bank when the Bardwells obtained a loan. The bankruptcy court found the statement false but dismissed the Bank’s objection as to Mrs. Bardwell, because it also found that Mrs. Bardwell believed the financial statement to be true and correct when she executed it, and that she did not act with such reckless indifference to the facts as to warrant a finding that she acted fraudulently or with an intent to deceive. The Bank appeals. The district court’s decision that the bankruptcy court’s finding of fact as to Mrs. Bardwell was not clearly erroneous is affirmed. The Bank’s objection to Mr. Bard-well’s discharge is not raised on appeal.
 

 The Bank argues that an intent to deceive the Bank must be imputed to the bankrupt, Rachel Hudgins Bardwell, because her execution of the financial statement in reliance on the accuracy of information furnished by her husband demonstrates reckless indifference to the facts stated therein.
 

 At trial, Mrs. Bardwell testified that before signing the financial statement, she “glanced at it briefly,” and relied on her husband, an attorney, for the truth and correctness of the statement he had prepared. She admitted that two notes owing to her mother and totaling $24,250 had been omitted from the statement. She did not sign one of the notes until after the statement was made, though her husband had previously signed it, and did not remember when she first became aware of the note. She stated' she had forgotten the other note payable to her mother because in a letter received from her stepfather shortly before the financial statement was completed, he enclosed a copy of a $30,000 note, but not the omitted note.
 

 On appeal from the bankruptcy court, the district court applied the correct rules of law. Obtaining credit by a materially false financial statement will prevent bankruptcy discharge if the bankrupt either had actual knowledge of the falsity of the statement or demonstrated reckless indifference to the accuracy of the facts stated therein.
 
 Gardner v. American Century
 
 
 *230
 

 Mortgage Investors,
 
 577 F.2d 928 (5th Cir. 1978) (discharge of bankrupt);
 
 In re Houtman,
 
 568 F.2d 651 (9th Cir. 1978) (discharge of debt);
 
 see
 
 Bankruptcy Act §§ 14(c)(3), 17(a)(2), 11 U.S.C.A. §§ 32(c)(3), 35(a)(2) (current versions at 11 U.S.C.A. §§ 727(a)(4), 523(a)(2)).
 

 The bankruptcy court’s factual finding must be affirmed unless clearly erroneous.
 
 Gardner v. American Century Mortgage Investors,
 
 577 F.2d at 929. The test for the district court, as well as for this Court, is not whether a different conclusion from the evidence would be appropriate, but whether there is sufficient evidence in the record to prevent clear error in the trial judge’s findings. The testimony of Mrs. Bardwell here recounted, together with the absence of any other evidence against her, insulates the bankruptcy court’s finding against reversal on review.
 

 The cases relied on by the Bank are distinguishable. In
 
 David v. Annapolis Banking & Trust Co.,
 
 209 F.2d 343 (4th Cir. 1953), the bankrupt completed her personal financial statement in accordance with her husband’s directions and grossly misstated a variety of assets and liabilities. The court affirmed the denial of her discharge, emphasizing that she had “no reasonable ground to believe” the truth of the statement. 209 F.2d at 344.
 
 See also Morris Plan Industrial Bank v. Lassman,
 
 116 F.2d 473 (2d Cir. 1940) (bankrupt who merely guesses at amount of his liabilities acts with intent to deceive);
 
 Woolen Corp. of America v. Gitnig,
 
 33 F.2d 259 (3d Cir. 1929) (bankrupts who accept their father’s dictation of partnership asset and liability figures without reference to books at hand act with reckless indifference).
 

 In re Santos,
 
 211 F.2d 887 (7th Cir. 1954), is similarly distinguishable. The illiterate bankrupt who relied on his wife’s completion of a false financial statement was found to have acted with reckless indifference. The evidence indicated, however, that he “had considerable experience” with such matters, that “his wife thought he knew the statement was false,” and that a loan officer had questioned him about and reviewed with him the listings in the statement. 211 F.2d at 889.
 

 AFFIRMED. .