THOMAS A. CLARK, Circuit Judge:
This is an appeal by First Arlington National Bank, Arlington Heights, Illinois, from rulings by the bankruptcy court which were reviewed and approved by the district court. The bank claims errors were committed as follows:
1. The bankruptcy court lacked jurisdiction to enter a judgment for conversion.
2. The debtor in possession failed in its proof of damages.
3. The bankruptcy court lacked authority to award punitive damages.
Having found no merit to these claims, we affirm the decision of the district court.
Barney’s Boats sold pleasure boats, motors, and boating accessories at retail in Palatine, Illinois, and Houston, Texas. Financial difficulties brought about a Chapter XI proceeding filed in Houston. Barney Kogen, in his individual capacity, owned a building in Palatine, Illinois, where he stored boats and boating accessories owned by his retail business. The bank claimed a security interest in the personal property of the corporation, including some of the boats, and separately held a mortgage on Kogen’s building.
On February 20, or 21, 1976, some seven months after the filing of the Chapter XI proceedings, the bank decided to take possession of the Palatine store’s inventory in which it claimed a security interest. With knowledge that the boats were in the constructive possession and under the jurisdiction of the bankruptcy court, the bank re *166 moved the boats and other inventory from the building. Although the bank consulted with its attorney, no permission was sought from the bankruptcy court or the debtor. In the process of moving the boats, books and records of the debtor were damaged and lost. The willfulness of the bank in its conversion efforts is illustrated by the fact that while moving the boats out of the building, a passerby stopped and indicated an interest in buying a boat, whereupon the bank’s representatives sold him a boat for $500.
The debtor filed a complaint against the bank, seeking damages for conversion, as well as punitive damages. The bank urged that the debtor be restricted to an action in replevin but the bankruptcy court held otherwise. In its initial pleadings the bank did not challenge the bankruptcy court’s jurisdiction to try the conversion action. Not until four days prior to trial did the bank first object to the subject matter jurisdiction of the bankruptcy court. By failing to interpose a timely objection to the summary jurisdiction of the bankruptcy court in accordance with Section 2, sub. a(7) of the Bankruptcy Act (11 U.S.C. § 11(a)(7) (1964)), we hold that the bank consented to the jurisdiction of the bankruptcy court. See In re J. S. Mobile Homes, 434 F.2d 1294 (9th Cir. 1970); Guardian Title Co., Inc. v. Sulmeyer, 417 F.2d 1290 (9th Cir. 1969); Bankruptcy Rule 915.
Appellant contends that there is a distinction between consent to summary procedure and consent to subject matter jurisdiction, citing In re Texas Consumer Finance Corporation, 480 F.2d 1261 (5th Cir. 1973). That case considered whether the bankruptcy court had jurisdiction in a Chapter XI proceeding to order the surrender, for cancellation, of the outstanding preferred stock of the bankrupt corporation. That case is clearly distinguishable from the present case which involves title to tangible personal property owned by the debtor in possession and converted by the defendant. This subject matter is discussed thoroughly in 2 Collier on Bankruptcy, § 23.08 where at page 535 it is noted “[n]or have the courts found any difficulty in deciding that consent will confer jurisdiction where, without consent, even a plenary suit would have been cognizable only in a state court.” In Note 7 of § 23.08 there is a full discussion that consent will not suffice where there is an entire lack of jurisdiction such as in the Texas Consumer Finance Corporation case relied upon by appellant.
As to the bank’s challenge to the sufficiency of the debtor’s proof of damages, the proof of the value of the property converted could be said to fall short of the quantum and preciseness desired. On the other hand, the defendant bank played some part in the damage and destruction of most of the debtor’s business records. The debtor testified as to the value of the boats and accessories based on the information which was available. The bankruptcy court accepted that proof, awarded $250,334.77 in actual damages, and the district court confirmed this award. The defendant had the opportunity, but did not avail itself thereof, to present its evidence with respect to the value of the boats and other inventory. After all, it seized the boats and presumably inventoried them, or should have. Faced with the difficulties of having had the bank enter its business establishment and remove the inventory and in the process seriously damage the firm’s business records, all without either its or the bankruptcy court’s knowledge or consent, we cannot fault the debtor for not offering more evidence in support of its damages claim. Since we have determined that, under the circumstances of this case, the evidence presented was sufficient to support the award of damages, the bankruptcy court’s finding was not “clearly erroneous” and, therefore, is not to be disturbed by this court. In re Boydston, 520 F.2d 1098 (5th Cir. 1975).
The bankruptcy court also awarded punitive damages in the amount of $60,000. The bank questions the court’s authority to do so, and argues that even if authority existed, the evidence did not support the award.
*167 It is clear that Texas law, and that of most jurisdictions, permits the award of punitive damages in an action for conversion. We have not been directed to any persuasive authority which supports the bank’s claim that a bankruptcy court does not have jurisdiction to assess punitive damages when it has the underlying jurisdiction to try the conversion action. Since our own research has not discovered any such prohibition, we find that in trying the conversion action, the bankruptcy court had the authority to award punitive damages. Furthermore, the bank’s wrongful conduct in removing the debtor’s property was a wanton and malicious violation of the debt- or’s rights as well as a blatant disregard of the bankruptcy court’s authority. As the facts of this case amply support, the award of $60,000 in punitive damages was not clearly erroneous.
Having reviewed this matter carefully, we do not find the appellant’s claims of error to be meritorious.
AFFIRMED.