PER CURIAM.
 

 In this bankruptcy appeal the appellee, Occidental Petroleum. Corporation (hereinafter Occidental), entered into a financial transaction with the bankrupt, Financial Corporation (hereinafter Financial), whereby Occidental purchased $10,000,000 in treasury bills from Financial on or about June 30, 1975. Financial had either an obligation, as claimed by Occidental, or a right, as claimed by the appellant, a creditor of Financial, to repurchase these treasury bills on July 7, 1975, for $10,000,000 plus a $12,-500 buy-back fee. Occidental presented the bills for payment on July 7, 1975, but payment was refused.
 

 The bills were sold to a third party by Occidental on July 14 and 15, 1975. Its total loss from diminution of principal, loss of interest and overdraft charges was $58,-356.17. On July 10,1975, Financial consented to the appointment of a receive! and on August 18, 1975, it was adjudicated a bankrupt. The bankruptcy court allowed the claim of Occidental and the district court
 
 [1]
 
 agreed. This appeal by a creditor of Financial followed. We affirm.
 

 In his opinion Judge Hunter stated as follows:
 

 While this particular repurchase agreement was an oral arrangement, the bankruptcy judge found that the intent of the parties was not to create a permanent sale with a buy-back option. The record is clear that appellee wanted a two week investment for its $10,000,000.00 and that appellee had no desire to buy Treasury Bills. Furthermore, it appears to this Court that if the nature of a repurchase agreement of this type was to create merely an option to repurchase, then, depending upon market fluctuations, uncertainty would tend to discourage the widespread use of repurchase agreements as safe, short term, high yield investments. As such, this Court concludes that the
 
 *405
 
 bankruptcy judge’s determination that this repurchase agreement created a contractual obligation was not clearly erroneous.
 

 1 B.R. 522, 525-26 (D.C.W.D.Mo.1979) (footnote omitted).
 

 Judge Hunter also found that Occidental had mitigated its losses to the extent required by law, with which conclusion we are in full agreement.
 

 We have carefully studied the briefs, and the records and find that the factual determinations of the trial court are not clearly erroneous and that Judge Hunter correctly applied the applicable law. We therefore affirm on the basis of Judge Hunter’s opinion. See Rule 14, rules of this court.
 

 [1]
 

 . The Honorable Elmo B. Hunter, United States District Judge for the Western District of Mis- ' souri.