PRUDENTIAL CREDIT SERVICES

v.

Rosie Mae HILL, Bankrupt.

Civ. A. No. J81–0037(R).

United States District Court,
S. D. Mississippi,
Jackson Division.

April 28, 1981.

DAN M. RUSSELL, Jr., Chief Judge.

Prudential Credit Services, appellant herein, appeals from an order of the bankruptcy judge, 10 B.R. 34, holding the deed of trust held by Prudential on the homestead of Rosie Mae Hill, debtor, void due to lack of consideration and due to the fact the debtor was unaware she was signing a deed of trust.

On February 15, 1979, Rosie Mae Hill executed a deed of trust on her homestead property to Prudential Credit Services. According to the debtor, she signed the deed of trust only in the capacity of co-signer for the benefit of her son. This deed of trust secured a loan in the amount of $2,895.45. The debtor's son, Walter Tate, received $1,300.00 from the proceeds. On May 15, 1980, Rosie Mae Hill filed her petition in bankruptcy. An order of relief was granted the same day. On June 30, 1980, Prudential filed an application for abandonment pursuant to 11 U.S.C. § 544 to have the property encumbered by the deed of trust abandoned due to a default of the terms of the note and deed of trust. An answer to this application of abandonment was filed on July 21, 1980 requesting that the Trustee enter an order "disallowing the interim trustee to abandon the property." Thereafter, on October 6, 1980, a hearing was held and the deed of trust was declared void by the bankruptcy judge.

Prudential contends in this appeal that the action taken by the bankruptcy court in voiding the lien was an action which "determined the validity, priority, or extent of a lien ..."; an adversary proceeding which requires the filing of a complaint rather than a motion. See Bankruptcy Rules of Procedure 701(2), 703. Prudential submits that since no complaint was filed, the adversary process was not commenced, and therefore, the bankruptcy court was without jurisdiction to grant the relief which was granted. Additionally, Prudential objects to the holding of the bankruptcy court voiding the deed of trust due to lack of consideration. The bankruptcy court voided the deed of trust since the bankrupt's son received the consideration for the loan. Prudential contends that this holding is erroneous because of the fact that it is not essential to the validity of a mortgage that the mortgagor receive the consideration; only that the mortgagee parts with the consideration. 59 C.J.S. *Mortgages* § 88 (1949). Prudential further objects to the bankruptcy judge's conclusion in voiding the deed of trust that the bankrupt was unaware that she was signing a deed of trust since she had not claimed "illiteracy, fraud, or duress" in making the contract. *Anthony v. Community Loan and Investment Corp.*, 559 F.2d 1363, 1369 (5th Cir. 1977); *Noble v. Logan-Dees Chevrolet-Buick, Inc.*, 293 So.2d 14, 15 (Miss.1974).

Rule 810 of the Bankruptcy Rules of Procedure provides

"Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witness."

The district court is bound to accept the bankruptcy judge's factual findings unless they can be found to be clearly erroneous. *Matter of Hammons*, 614 F.2d 399, 402 (5th Cir. 1980); *Matter of Bardwell*, 610 F.2d 228, 230 (5th Cir. 1980); *Matter of Frisby*, 444 F.Supp. 227, 228 (S.D.Miss.1976); *In Re Knight*, 421 F.Supp. 1387, 1390 (M.D.La. 1976), aff'd., *Matter of Knight*, 551 F.2d 862 (5th Cir. 1977). The burden of establishing a clearly erroneous determination is a stringent one; to be convinced, the court must be left with a definite and firm conviction that a mistake has been committed. *In Re Knight*, supra. The test to be utilized by the district court, and the appellate court, is

not whether a different conclusion from the evidence would be appropriate, but whether there is sufficient evidence in the record to prevent clear error in the trial judge's findings. *Matter of Bardwell,* supra. The district court must independently determine the accuracy of the ultimate legal conclusions adopted by the bankruptcy judge on the basis of the facts shown. *Matter of Hammons,* supra.

 This court concludes that the bankruptcy judge's order voiding the lien was not clearly erroneous. Prudential cannot object to the bankruptcy court's assumption of jurisdiction without the formal initiation of an adversary proceeding. First, Prudential was the party seeking appropriate relief. Therefore, they would be the party responsible for filing a complaint. Moreover, Rule 915(a) of the Bankruptcy Rules of Procedure provides

"... a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served."

By failing to interpose a timely objection to the summary jurisdiction of the bankruptcy court, the party consents to the jurisdiction of the bankruptcy court. *Matter of Barney's Boats of Chicago, Inc.,* 616 F.2d 164, 165 (5th Cir. 1980) (creditor consented to jurisdiction of bankruptcy court where initial pleadings did not challenge bankruptcy court jurisdiction and creditor first objected four days prior to trial). By filing its application for abandonment, Prudential consented to the jurisdiction of the bankruptcy court. Appellant is therefore estopped to contest the jurisdiction of the court. Rule 101 of the Bankruptcy Rules of Procedure provides that a bankruptcy case is commenced by filing a petition with the court. According to the Advisory Committee's Notes, the term "bankruptcy case" "embraces all the controversies determinable by the court of bankruptcy and all the matters of administration arising during the pendency of the case." Rule 901(9) of the Bankruptcy Rules of Procedure defines "motion" as "an application to the court for an order

in an adversary proceeding or in a proceeding on a contested petition, to vacate an adjudication, or to determine any other contested matter ..." An application, according to the Advisory Committee's Notes, Rule 901(4), is used when a party seeks an order involving no adverse party. Prudential initiated the proceedings in this matter by filing an application for abandonment which it contends is a motion rather than a complaint. After submitting itself to the jurisdiction of the bankruptcy court and after obtaining an adverse decision, Prudential asserts that the court lacked jurisdiction to render its decision because of the absence of a formal complaint. The Court finds the failure to file a formal complaint to be not only the fault of Prudential, but also harmless error. *See* Rule 905 of the Bankruptcy Rules of Procedure.

 The findings of fact of the bankruptcy judge must be affirmed. The judge noted in his opinion that the bankrupt lacked any formal education and that she did not intend to give a second deed of trust on her home at the time she signed the deed of trust. To reverse the findings of the bankruptcy judge, this Court must find that no testimony exists for support of the bankruptcy court's order, or that the judge has acted arbitrarily and capriciously. *In Re Knight,* supra. Even should this court feel constrained to find adversely to appellee here, it is bound by the bankruptcy judge's findings unless clearly erroneous. The bankruptcy judge's findings that the bankrupt lacked any formal education is a sufficient determination of illiteracy to void the transaction. *Anthony v. Community Loan & Investment Co.,* supra. *Matter of Frisby,* supra.

"The Bankruptcy Act was intended to be a sturdy bridge over financially troubled waters by means of which the honest but unfortunate debtor 'may reach' a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.' *Local Loan Co. v. Hunt,* 292 U.S. 234, 244 [54 S.Ct. 695, 699, 78 L.Ed. 1230] (1934). We refuse to make it a treacher-

ous tightrope on which the slightest misstep spells disaster and over which only the most accomplished acrobat can successfully pass." *Matter of Frisby*, supra.

THEREFORE, it is the opinion of this court that the findings of fact determined by the bankruptcy judge are not clearly erroneous and are hereby affirmed.

An order consistent with this opinion shall be submitted by the parties in accordance with the local rules of this court.