In re Leonard James TOMASH, d/b/a Tomash Helicopter Service and Big Wyoming Helicopter, Inc., Bankrupt.

Russell L. and Mary F. LEHMAN, Appellants,

v.

R. Fred DUMBAUGH, Trustee,

and

Morris Plan Company of Cedar Rapids, Iowa, Appellees.

Bankruptcy No. C 82–86.

United States District Court, N.D. Iowa, Cedar Rapids Division.

Nov. 15, 1982.

Gregory Lewis, Peter C. Riley, Cedar Rapids, Iowa, for debtor.

John D. Randall, Jr., Cedar Rapids, Iowa, for Randall and Lehman.

Gerard J. Glaza, Cedar Rapids, Iowa, party in interest.

R. Fred Dumbaugh, Cedar Rapids, Iowa, for trustee.

Carl Schuettpelz, Cedar Rapids, Iowa, for Morris Plan Co.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on the Lehman appellants' April 14, 1982 notice of appeal from the bankruptcy judge's April 5, 1982 denial of appellants' motion to reconsider. Affirmed.

In April, 1975 E.A. Hasley and Leone M. Hasley (Hasley) sold a parcel of real property located in Linn County, Iowa, by real estate contract to Leonard J. Tomash and Caryl J. Tomash. Caryl Tomash later executed and delivered to Leonard Tomash (Tomash) a quit claim deed covering her interest in the property. In February, 1979 Tomash gave The Morris Plan Company of Iowa (Morris Plan) a real estate mortgage in the property as collateral for a promissory note with Morris Plan. The mortgage was filed and in October, 1979 Tomash sold the property by real estate contract to the Lehmans.

On June 11, 1980 Tomash filed for bankruptcy under Chapter 13 of the Bankruptcy Act. At the time of that filing, Tomash remained liable to the Hasleys under the April, 1975 real estate contract. On December 31, 1980 the Lehmans paid the Tomash bankruptcy trustee $28,669.17 which sum represented the final payment due on the Hasley/Tomash real estate contract and the installment then due on the Tomash/Lehman real estate contract. The Tomash bankruptcy trustee subsequently determined that the estate had no further interest in the property and notified the bankruptcy clerk on March 9, 1981 of his intention to abandon all interest in and to such property. The Lehmans were notified of this proposed abandonment and on April 24, 1981 they filed a request to be heard regarding the abandonment.

A Bankrupt Adversary Action was initiated by Morris Plan on April 7, 1981 in which Morris Plan claimed, by virtue of its mortgage in the abandoned property, that it was entitled to receive from the trustee a portion of the payment made by the Lehmans to the trustee in bankruptcy. A preliminary hearing on the Morris Plan claim was held on April 20, 1981. At that time the bankruptcy judge instructed Morris Plan to make a formal request for an order regarding disbursal of the funds held by the trustee and to notify all interested parties that such application had been made. All interested parties, including the Lehmans, were notified and a hearing was held on June 3, 1981 to discuss the property abandonment and the disbursement of funds held by the trustee. Upon conclusion of the hearing, the bankruptcy court issued an order with which the Lehmans were dissatisfied. The Lehmans have since been unsuccessful in their efforts to overturn the order in the bankruptcy court and have thus filed the appeal herein.

■ The district court is bound to uphold all factual findings of the bankruptcy judge unless they can be found to be clearly erroneous. *Matter of Financial Corp.,* 1 B.R. 522 (Bkrtcy.D.C.Mo.1979), *aff'd,* 634 F.2d 404 (8th Cir.1980); 11 USC Rule 810 Bankruptcy Procedure. A factual finding of the bankruptcy court is clearly erroneous when, although there is evidence to support it, the reviewing court on the basis of the entire evidence is left with a definite and firm conviction that a mistake has been committed. *In re Moyer,* 13 B.R. 436 (Bkrtcy.D.C. Mo.1981). The reviewing court is to make an independent determination of the accuracy of ultimate legal conclusions adopted by a bankruptcy judge on the basis of facts shown. *Prudential Credit Services v. Hill,* 14 B.R. 249 (Bkrtcy.D.C.Miss.1981).

■ The instant appeal is based on two contentions. First, Lehmans claim that the trustee's abandonment of the real estate was likewise an abandonment of the money previously received by the trustee under the contract for sale of the real estate. Second,

it is asserted that the Lehmans were deprived their right to a fair hearing because the decision of the bankruptcy court was not based on evidence or facts presented at the June 3, 1981 hearing. This court rejects both of Lehmans' contentions.

As evidenced by the transcript of the June 3, 1981 hearing, the bankruptcy judge made a factual determination that the abandonment of the real estate did not constitute nor was it intended to constitute an abandonment of proceeds received under a contract of sale for that real estate. That determination is not clearly erroneous and is supported by statements contained in the record. Therefore, it will not justify reversal on appeal. Similarly, it is apparent to this court that appellants were given every opportunity to present evidence at the hearing of June 3, 1981. The decision of the bankruptcy court was based on the record. This court has reviewed the record and the applicable law and is convinced that the decision of the bankruptcy court was correct.

It is therefore

ORDERED

Affirmed.