**CHASE COMMERCIAL CORPORATION**

v.

**DONALD BENSON ACCESSORIES, INC.**

Civ. A. No. CA 4–85–866–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 8, 1986.

Kenneth S. Carroll Joohnson &. Cravens, Dallas, Tex., for plaintiff.

Joseph Colvin, Gilbert & Colvin, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

MAHON, District Judge.

Chase Commercial Corporation (Chase) initiated this appeal from an order entered by Judge Michael A. McConnell, United States Bankruptcy Judge, denying appellant's Motion to Lift Stay under 11 U.S.C. § 362(d) on October 24, 1985. Appellant brought its Motion to Lift Stay to consummate its garnishment action with respect to any loan repayment which Donald and Gertrude Mary Benson might make to Donald Benson Accessories, Inc., Debtor-in-Proceeding No 485–40626. Appellate jurisdiction is based on 28 U.S.C. § 158. After

careful consideration of the parties' briefs, the record on appeal, and the applicable law, the Court comes to the following decision.

This Court is bound to accept the factual findings of the bankruptcy court unless such findings are clearly erroneous. Fed. R.Civ.P. 52(a); Bankruptcy Rule 8013; *In re Missioniary Baptist Foundation of America,* 712 F.2d 206, 209 (5th Cir.1983); *In re Bardwell,* 610 F.2d 228, 230 (5th Cir.1980). However, conclusions of law are "fully reviewable in this Court." *Dallas-Fort Worth Regional Airport Board v. Braniff Airways, Inc.,* 26 B.R. 628 (D.C.N. D.Tex.1982). In this case there are no disputed facts; therefore, the Court need only review the conclusions of law drawn by the bankruptcy court.

Appellant Chase contends that it is a secured creditor of the debtor corporation, Donald Benson Accessories, Inc. (DBA), by reason of a prior garnishment action filed in state court against the debtor's sole shareholders, Donald and Gertrude Mary Benson (the Bensons). The appellant obtained a default judgment against the debtor for the sum of $43,221.51 in the 342nd Judicial District Court of Tarrant County, Texas on March 29, 1984. The appellant on July 24, 1984, caused a garnishment proceeding to be filed against Donald and Gertrude Mary Benson individually, and further caused a writ of garnishment to be served on them on August 27, 1984. The garnishment action was filed more than one year before the filing of this bankruptcy, and it claimed that the Bensons had closed DBA and transferred all of its assets to themselves without paying its creditors including Chase whose debt comprises 76% of DBA's outstanding debt. In sum, Chase claims (1) that the transfer was not contingent on the Benson's ability "to pay them (sic) [DBA] back when we could" but rather that the transfer is void; (2) that the transfer is garnishable because Chase is a secured creditor; and (3) that DBA has no equity in the transfer and the bankruptcy stay should be removed.

The first issue the Court must address is whether the transfer of $54,000.00 in assets from DBA, after it ceased doing business, to its sole stockholders Donald and Gertrude Mary Benson is void or was contingent on the Benson's ability to repay the transfer "when [they] could."

The Tex.Bus.Corp. Act, Art. 2.02(A)(6) specifically provides that each corporation shall have power:

(6) To lend money to, and otherwise assist, its employees, officers, and directors if such a loan or assistance reasonably may be expected to benefit, directly or indirectly, the lending or assisting corporation.

The ultimate effectiveness of such act involving lending or assisting employees, officers, or directors by a corporation is affirmative pleading, proof, and finding of fairness, of the transaction to the corporation. *Allen v. Wilkerson,* 396 S.W.2d 493 (Tex.Civ.App.—Austin 1965, writ ref'd n.r. e.). This is so even if the director owns all of the corporation's shares then outstanding. *Allen,* 396 S.W.2d at 503. Moreover, "if there are any creditors of the corporation at that time, then the purported shareholder action will be considered a complete nullity." *Id.*

From the evidence presented, the Court finds that there is no evidence to support a finding that the transfer of funds to the Bensons in any way benefitted the corporation. Thus, the Court concludes that the transfer is void.

Since the transfer has been found to be void, the Court must next decide if the debt is garnishable and if appellant is a secured creditor. Pursuant to Texas law, a writ of garnishment is permissible when "the Plaintiff has a valid, subsisting judgment." Tex.Rev.Civ.Stat. Art. 4076. After issuance of such a writ upon the garnishee, "it shall not be lawful for the garnishee to pay to the defendant any debt...." Tex. Rev.Civ.Stat., art. 4084. Thereafter, the garnishor is entitled to judgment against the garnishee in the amount of the garnishor's judgment against the original defendant. Rule 668 Tex.R.Civ.P.

**34**

Pursuant to the Texas garnishment statutes, the issuance and service of a writ of garnishment serves to trap funds in the hands of the garnishee which are due to a judgment creditor. In *Allen*, the appeals court analogized:

> [that] [j]ust as a defendant in a trespass to try title case cannot justify his withholding possession from the legal title holder by setting up equities of third persons, ... so also a debtor cannot justify his withholding payment of his debt by setting up equity between his creditor and third persons.

*Id.* at 504. Additionally, the appeals court rejected the argument under the Texas Trust Fund Doctrine that the debt was not garnishable. The appellate court reasoned that once a corporation ceases doing business the stockholder held the debt in trust for all the corporation's creditors.

In this case, service of the writ of garnishment on the Bensons occurred August 27, 1984. At that time, no other creditor had filed a garnishment or had a lien on the transfer, and this bankruptcy was not filed until May 6, 1985. Thus the transfer is garnishable and appellant is a secured creditor with respect to the transfer as of August 27, 1984.

The final issue the Court must address is whether the stay should be lifted. Under 11 U.S.C. § 362(a), upon a request for relief from a party in interest, the bankruptcy court "shall grant relief from the stay ..."

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property ..., if

(A) the debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

Further, the party requesting such relief, in this case appellant, has the burden of proof on the issue of the debtor's equity in the property.

The Court finds that DBA has no equity in that portion of the transfer which appellant has garnished regardless of the value of the transfer. Appellee alleges the value of the transfer to be $7,000.00 (according to the Statement of Financial Affairs) thus DBA has no equity in the transfer as the garnishment action exceeds that amount. Similarly, if the value of the transfer is $54,000.00 the appellee has no equity in the transfer because appellant's lien extends only to the amount of its judgment. Tex.R.Civ.P. Rule 668. Additionally, the Court notes that since DBA filed a voluntary Chapter 7 petition, reorganization is not an issue.

Accordingly, the Court REVERSES the judgment of the bankruptcy court and hereby decrees that the transfer is garnishable, that appellant is a secured creditor of the transfer as a result of the garnishment action, and that debtor has no equity in the transfer. The Court further ORDERS that the automatic stay under the Bankruptcy Code is lifted to permit appellant to pursue its remedy of garnishment against the Bensons.