In re Ben M. VAN HOVE and Mildred F. Van Hove, Debtors.

ACKLEY STATE BANK, Appellant,

v.

Ben M. VAN HOVE and Mildred F. Van Hove, Appellees.

In re Michael D. HAUAN, d/b/a Farming & Hauling, and Tamara L. Hauan, Debtors.

UNITED STATES of America, Appellant,

v.

Michael D. HAUAN, d/b/a Farming & Hauling and Tamara L. Hauan, Appellees.

Nos. 1C 87–3057, 1C 87–3085.

United States District Court, N.D. Iowa, C.D.

Sept. 29, 1987.

918

Larry Eide, Mason City, Iowa, for debtors.

Michael Holt, Iowa Falls, Iowa, for Ackley State Bank.

McMANUS, District Judge.

This matter initially is before the court on appellant Ackley State Bank's March 9, 1987 notice of appeal, and then on the Hauan's September 28, 1987 motion to consolidate, and on appellant Government's case itself June 19, 1987 notice of appeal of the *Hauan* decision. Upon examination of the briefs and record, oral argument is unnecessary and is denied. Consolidation granted. Both appeals affirmed.

These appeals involve very similar facts and virtually identical issues. Their central issue is the retroactive application of Iowa Code § 627.6(12)(a) (West's Leg.Serv.1986) (now codified at Iowa Code § 627.-6(11)(a) (1987)), effective May 31, 1986, in which the total aggregate value of certain property exempt from execution was increased from $5,000 to $10,000 per debtor. Prior to May 31, 1986, the Van Hoves and the Hauans borrowed money from the appellant and executed security agreements. On August 11, 1986 the Hauans and on September 16, 1986 the Van Hoves commenced these bankruptcy proceedings claiming exempt from execution approximately $20,000 in farm machinery and equipment and seeking, in that amount, avoidance of the appellant's liens pursuant to 11 U.S.C. § 522(f). The bankruptcy court concluded that because the loans were secured by nonpossessory, nonpurchase money security interests, the machinery and equipment in question was exempt from execution and approximately $20,000 of the liens were avoidable.

On appeal, the appellants contest only the bankruptcy court's grant of the lien avoidances. At issue in *Van Hove* is whether the bankruptcy court erroneously concluded that the increased property exemption under Iowa Code § 627.6(12)(a) may be applied retroactively to 11 U.S.C. § 522(f) so as to allow debtors to avoid liens established prior to the effective date of the exemption amendment. The Bank claims that such retroactive application violates the contracts and takings clauses of the Iowa and federal constitutions and contradicts the principles of statutory construction and Iowa law. In *Hauan*, the Government claims that the amendment of § 627.6 effectively amended § 522(f) and that the retroactive application of the amended federal statute violates the federal contracts and takings clauses. The bankruptcy court found no merit in the Government's retroactivity claim and, as in *Van Hove*, did not address individually the remaining contentions. Instead, the court merely held in both cases that the amended Iowa exemption statute applied notwithstanding the fact that the debtors incurred their debts and granted their creditors security interests in their farm equipment prior to the effective date of the amendments. For authority the bankruptcy court cited *In re Punke,* 68 B.R. 936 (Bankr.N.D.

Iowa 1987), a case heard the same day as *Van Hove* and which involved the same issues now on appeal.

On appeal, the bankruptcy court's conclusions of law are freely reviewable. *Clay v. Traders Bank of Kansas City*, 708 F.2d 1347, 1350 (8th Cir.1983). The reviewing court independently determines the accuracy of the bankruptcy judge's ultimate legal conclusions on the basis of the facts shown. *In re Tomash*, 24 B.R. 568, 569 (N.D.Iowa 1982). The bankruptcy court's factual findings, on the other hand, shall not be set aside unless clearly erroneous. 11 U.S.C. Rule 810 Bankruptcy Procedure.

■ This court, like the lower court, finds no merit in the Government's contention that 11 U.S.C. § 522(f) was amended by the amendment to § 627.6. The Government presents no authority for its proposition. To the contrary, the amendment to § 627.6 did not alter the language of the federal lien avoidance statute but merely altered its *effect* in Iowa. Thus, the determinative issue in both cases is whether § 627.6(12)(a) may be employed in bankruptcy proceedings commenced after the effective date of the amendment to exempt property and avoid liens secured before the amendment's effective date. The following analysis and ruling regarding the applicability and constitutionality of § 627.6(12)(a) as employed in *Van Hove* is equally applicable to the Government's remaining contention in *Hauan*.

■ The Bank's contention that the application of § 627.6(12)(a) is contrary to principles of statutory construction and Iowa law is of no merit. The legislature specifically provided that the amended exemption statute "applie[d] to actions filed on or after the effective date of [the] Act," (May 31, 1986). 1986 Iowa Acts 333. Furthermore, clearly established is the rule that the extent of the debtor's exemption rights are determined by reference to the exemption statutes in effect on the date the bankruptcy petition was filed, *regardless of when the debts arose. In re Hahn*, 5 B.R. 253–4 (Bankr.S.D.Iowa 1980). Therefore, § 627.6(12)(a) is applicable in both these cases because the debtors filed their bankruptcy petitions after the statute's effec-tive date. The courts will follow that rule unless the exemption statute is unconstitutional. *In re Punke*, 68 B.R. 936, 939 (Bankr.N.D.Iowa 1987).

To determine whether a state law violates the federal contracts clause, the United States Supreme Court has employed a three step analysis. *Burlington Northern Railroad Company v. State of Nebraska*, 802 F.2d 994, 1005, 1006 (8th Cir.1986). The threshold inquiry is "whether the state law has, in fact, operated as a substantial impairment of a contractual relationship." *Energy Reserves Group, Inc. v. Kansas Power and Light*, 459 U.S. 400, 406, 411, 103 S.Ct. 697, 701–02, 704, 74 L.Ed.2d 569 (1983) (*quoting Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244, 98 S.Ct. 2716, 2722, 57 L.Ed.2d 727 (1978)). A significant consideration in determining the extent of the contractual impairment is whether the area of law involved has been regulated in the past. *Id.*

■ For well over 100 years, Iowa has had an exemption statute. *Matter v. Hahn*, 5 B.R. 242, note at 244 (Bankr.S.D. Iowa 1980). In 1981, the Iowa Legislature for the first time limited the aggregate value of exemptable machinery, equipment and tools of the debtors' trade. In 1986, the legislature increased that limit from $5,000 to $10,000. When one is involved in "an enterprise already regulated in the particular to which he now objects, [his involvement is] ... subject to further legislation upon the same topic." *Energy Reserves*, 459 U.S. at 411, 103 S.Ct. at 704. Consequently, this court cannot conclude that the Bank's and the Government's reasonable contractual expectations have been impaired.

■ Assuming, *arguendo*, that the amended exemption statute constitutes a substantial impairment of contract, the state, in order to justify the regulation, must have a significant and legitimate public purpose such as the remedying of a general social or economic problem. *United States Trust Co. v. New Jersey*, 431 U.S. 1, 22, 97 S.Ct. 1505, 1517–18, 52 L.Ed.2d 92 (1977). The Bank concedes that

the Iowa Legislature had a significant and legitimate purpose in enacting an increased exemption. Appellant's Brief at 5. The Government doesn't raise the issue.

The third and final inquiry then "is whether the adjustment of the rights and responsibilities of contracting parties [is based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's] adoption." *Energy Reserves,* 459 U.S. at 412, 103 S.Ct. at 704–05 *quoting United States Trust Co.,* 431 U.S. at 22, 97 S.Ct. at 1517–18. By increasing the aggregate exemption value, the legislature sought to protect "the business communities and dislocated farm families affected by the financial crisis in agriculture." *In re Punke,* 68 B.R. at 941 *quoting* Senate File 2270 § 1, 71st Gen. Assembly, 1st Sess. (1986). *See* 1986 Iowa Acts 330. This court finds no error in the bankruptcy court's conclusion that the increase in the statutory exemption value is a necessary exercise of the state's police power and a reasonable "[attempt] to more closely coordinate the value of a debtor's farm equipment with the rising market price levels." *Id.* Consequently, this court finds no violation of the federal contracts clause.

The analysis under the Iowa contracts clause involves a balancing test. The key inquiry is "whether the underlying purposes of the statute are sufficient to justify its impact upon contractual obligations." *Amana Society v. Colony Inn, Inc.,* 315 N.W.2d 101, 112 (Iowa 1982). Sufficient underlying purposes include, as in this case, "the use of reasonable means to safeguard the economic structure upon which the good of all depends." *Id. quoting Home Building & Loan Association v. Blaisdell,* 290 U.S. 398, 442, 54 S.Ct. 231, 241, 78 L.Ed. 413 (1934). Therefore, this court finds no violation of the Iowa contracts clause.

Unlike the contracts clause, the analytic rule for determining an alleged federal takings clause violation is not well-delineated. Therefore, the court must weigh the public and private interests affected by the state regulation. *Sadowsky v. City of New York,* 732 F.2d 312 (2nd Cir.1984). The balancing approach also is employed in determining alleged violations of the Iowa takings clause. *General Expressways, Inc. v. Iowa Reciprocity Board,* 163 N.W.2d 413, 425, 426 (Iowa 1968). When a retroactively applied statute is at issue, the constitutionality of that statute under both the Iowa and federal constitutions is determined by a three factor inquiry. "These factors are: the nature and strength of the public interest served by the statute, the extent to which the statute modifies or abrogates the asserted preenactment right, and the nature of the right which the statute alters." *Presbytery of Southeast Iowa v. Harris,* 226 N.W.2d 232, 242 (Iowa 1975). *See Sadowsky,* 732 F.2d at 317.

With regard to the first factor, the Bank concedes the amended exemption statute is based upon "significant and legitimate public purposes." Bank's Brief at 5. The second factor weighs in favor of the appellees. The exemption statute neither abrogated all the value of the liens at stake nor destroyed all the Bank's and the Government's rights in them. Instead, the legislature merely attempted to create a new balance between debtors and creditors in light of economic reality. *In re Punke,* 68 B.R. 936, 943 (Bankr.N.D.Iowa 1987).

The final factor also favors the debtors. In this case, the altered right is economic in nature. As with asserted violations of the Iowa and federal contracts clauses, a "taking" is less likely found when the challenged interference with property interests arises from the legislative adjustment of economic benefits and burdens for the promotion of the common good. *Ladowsky,* 732 F.2d at 317. Also important are the investment expectations of the parties at the time the loan is made. *In re Punke,* 68 B.R. at 943 (citations omitted). At the time the creditors made the loans at issue, they were aware of the lien avoidance provisions of § 522(f) of the Bankruptcy Code. They were also aware "that the legislature adjusted the exemptions from time to time, resulting in a corresponding impact" on the value of the lien avoidance under § 522(f).

*Id.* This court also is persuaded by the bankruptcy court's previous observation that while the legislature raised the aggregate exemption value of machinery and equipment, it also disadvantaged the debtors by placing a cap on the value of exempt pigs and their feed. *Id.* Therefore, this court concludes that the exemption statute, as amended, does not effect an unconstitutional taking of property interests.

It is therefore

ORDERED

1. The Hauans' motion to consolidate granted.

2. Both appeals affirmed.