In re **INTER–AMERICA MINERALS, INC.** Debtor.

**Joe COLVIN, Trustee,**

v.

**K.W. WELL SERVICE, INC.**

**Civ. A. No. 4–87–731–K.**

United States District Court, N.D. Texas, Fort Worth Division.

Aug. 14, 1989.

Brian S. Book, Dallas, for trustee.

Brian E. Cutbirth, McDonald & Cutbirth, Abilene, Tex., for K.W. Well Service, Inc.

Billy W. Boone, Abilene, Tex.

## MEMORANDUM OPINION AND ORDER

BELEW, District Judge.

Pending before the Court is the captioned appeal from the Judgement entered by the United States Bankruptcy Court on October 7, 1987. 78 B.R. 489. The Court, having reviewed the applicable law is of the opinion that this case should be reversed and remanded for the reasons that follow.

## I. FACTS

This appeal arises out of a bankruptcy case originally commenced on May 28, 1985 as a Chapter 11 reorganization. While the case was pending under Chapter 11, Brian Book was appointed by the Court as counsel for the Official Unsecured Creditors Committee. The case was subsequently converted to one under Chapter 7 on February 28, 1986. Brian Book was then appointed by former Bankruptcy Judge Mike McConnell as counsel for the Chapter 7 Trustee, Joe Colvin. On June 2, 1986, Joe Colvin filed a Complaint against Appellee K.W. Well Service pursuant to the provisions of 11 U.S.C. § 547 to recover an alleged preferential payment made by Inter–America Minerals, Inc. to K.W. Well Service in the amount of $11,872.00. On July 2, 1986, K.W. Well Service answered and filed a counterclaim against Joe Colvin and his attorney Brian Book, alleging that they had not made a reasonable inquiry into the law and the facts before signing and filing the complaint, and that they were therefore in violation of Bankruptcy Rule 9011, which is an adoption of Rule 11 of the Federal Rules of Civil Procedure.

On December 9, 1986, K.W. Well Service filed a Motion for Summary Judgment since the Appellant had not responded to K.W.'s Request for Production of Documents, Written Interrogatories, or Request for Admissions. Visiting Bankruptcy Judge Steen granted a conditional Summary Judgment on February 20, 1987, ruling that the deemed admissions could be avoided by the Plaintiff filing additional and/or supplementary responses to the Defendant's Request for Admissions by March 15, 1987, and by the Plaintiff paying the Defendant $750.00 as the cost of bringing the motion. The supplemental answers were submitted on June 3, 1987, but the $750.00 was never paid. Judge Steen also found that Rule 9011 had been violated because the Plaintiff had made no investigation in filing the preference action other than filing suit against every recipient of a transfer of $10,000.00 or more during the 90 day period prior to filing of bankruptcy when a debtor is presumed insolvent by law, and due to this violation, sanctions against the Trustee and the attorney for the Trustee should be imposed.

On March 3, 1987, the Plaintiff filed a Motion for Rehearing. On June 5, 1987, K.W. filed a Motion for Judgement seeking dismissal of the of the complaint together with an award of attorney's fees under Rule 9011 based on its allegations that Plaintiff did not properly respond to discovery and that the material facts substantiating a Rule 9011 violation were therefore deemed admitted. Judge Tillman denied the Plaintiff's Motion for Rehearing on July 31, 1987, finding that Rule 9011 had been violated. Sanctions in the form of attorney's fees and expenses in the amount of $11,818.01 were imposed against Trustee Joe Colvin and his attorney Brian Book jointly and severally.

On August 10, 1987, Brian Book and Joe Colvin, acting as his own attorney, filed their Motion to Vacate Judgment, for Rehearing, and for Stay of any Proceeding to Enforce Judgment. The Motion for Rehearing was granted, and on September 21 and 22, 1987, Judge Tillman conducted a full evidentiary hearing on the issue of whether Joe Colvin and Brian Book had violated Rule 9011. On October 7, 1987, Judge Tillman ruled that Brian Book alone had violated Rule 9011 by "discovery abuses" and for failing to keep his client properly informed. Monetary sanctions were imposed against Brian Book alone in the amount of $13,308.01. In his Judgment

entered on the same day, Judge Tillman set aside Judge Steen's Order of February 20, 1987 and his own Findings and Conclusions of Law of July 31, 1987. His Memorandum Opinion of October 7, 1987 was substituted for them. On December 14, 1987, this Court granted Brian Book's Motion for Leave to Appeal.

## II. JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and Bankr.R.Proc. 8001. Rule 8013 of the Bankruptcy Rules provides:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgement, order or decree or remand with instructions for further proceedings. Findings of Fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Bankruptcy Rule 8013

This Court is bound to accept the factual findings of the Bankruptcy Court unless such findings are clearly erroneous. Fed. R.Civ.P. 52(a); *In Re: Braniff Airways, Inc.*, 783 F.2d 1283, 1287 (5th Cir.1986); *In Re: Missionary Baptist Foundation of America*, 712 F.2d 206, 209 (5th Cir.1983); *In Re: Bardwell*, 610 F.2d 228, 230 (5th Cir.1980). However, conclusions of law are "fully reviewable by this Court." *Dallas/Fort Worth Regional Airport Board v. Braniff Airways, Inc.*, 26 B.R. 628 (N.D. Tex.1982).

## III. ANALYSIS

Over the lengthy course of the proceedings in this action, the primary issue was lost under overdrawn arguments concerning discovery. Appellee argues that the pleading in violation of Rule 9011 was the Appellant's Complaint filed on June 2, 1986. The purpose of Rule 9011, as in Rule 11 F.R.C.P., is to examine the conduct of the attorney at or prior to the signing of the pleading. Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document. Rule 11 (and accordingly Rule 9011) was promulgated for a particular purpose—to check abuses in the signing of pleadings. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 874 (5th Cir.1988). Discovery matters occurred after the allegedly offending complaint was filed. No issue concerning discovery or discovery sanctions was before the Court on September 21 and 22, 1987. K.W. Well Service has never filed a motion seeking sanctions for discovery abuse under Rule 37 in this civil action. Therefore, a discussion of discovery violations is unwarranted in this opinion.

Rule 11 imposes several imperative duties with which an attorney certifies he has complied by signing a pleading, motion or other document. They are:

(1) the attorney has conducted a reasonable inquiry into the acts which support the document;

(2) the attorney has conducted a reasonable inquiry into the law such that the document embodies existing legal principals or a good faith argument "for the extension, modification, or reversal of existing law;" and

(3) the motion is not interposed for purposes of delay, harassment, or increasing costs of litigation.

*Thomas*, supra, at 874.

There was also a continuing obligation for attorneys to review and reevaluate their position as a case developed, but the Fifth Circuit, in *Thomas*, held that Rule 11 applied only to the attorney's state of mind at the time the document was signed. *Thomas*, supra, at 874.

■ Judge Tillman held, in his Memorandum Opinion of October 7, 1987, that Brian Book had violated the third and fourth duties imposed by Rule 11, i.e.: the duty not to file a complaint for purposes of delay, harassment or increasing costs, and the duty to reevaluate one's position as a case develops. Judge Tillman made no mention of any violation of the duties to investigate the law and the facts prior to signing a document. As noted above, the Fifth Circuit's opinion in *Thomas* did away

with the duty under Rule 11 to reevaluate one's position as a case develops: Rule 11 applies only to an attorney's state of mind at the time a document is signed. Therefore, it appears that the only legal issue remaining on appeal is whether Brian Book signed and filed the preference complaint to harass, delay, or unnecessarily increase the cost of litigation.

Brian Book, at the time he signed the Complaint, was the attorney for Joe Colvin in Mr. Colvin's capacity as Chapter 7 Trustee for Inter–America Minerals, Inc. Under Sections 704 and 547 of the Bankruptcy Code (11 U.S.C. §§ 1–1330), a trustee in bankruptcy has a statutory duty to "collect and reduce to money the property of the estate . . .", and to "avoid any transfer of an interest of the debtor in property made on or within 90 days before the date of the filing of the petition. . . ." 11 U.S.C. § 704(1) and § 547(b)(4)(A). Mr. Colvin and Mr. Book had several meetings to discuss the Complaint before they signed the document. There is testimony from Mr. Colvin that he discussed with Mr. Book the parameters of who should be sued for preferential payments. September 22, 1987 Transcript at p. 22. Mr. Book informed Mr. Colvin that he had undertaken discovery—namely a Rule 2004 examination of Mr. Alfred E. Bremers, President of Inter–America Minerals, the Debtor Corporation—that showed that Inter–America was several months behind on the payment of its debts. September 21, 1987 Transcript at p. 69. Evidence introduced at the September 21 and 22 hearing clearly showed that K.W. Well Service had received payment of 100% of Inter–America's debt within the 90 day period prior to the filing of Inter–America's bankruptcy petition. This Court holds that Brian Book and Joe Colvin had sufficient reason to believe that the payment made by Inter–America to K.W. Well Service may have been a preferential payment. Due to Mr. Colvin's duties as Chapter 7 Trustee and Mr. Book's duty to represent his client's interests, the filing of the complaint appears to have been a good faith effort to investigate what seemed to be a preferential payment, and therefore was not filed for purposes of harassment, delay or unnecessary increase in the costs of litigation.

## IV. CONCLUSION

As stated above, this Court is bound to accept the factual findings of the Bankruptcy Court unless such findings are clearly erroneous. F.R.C.P. 52(a). A survey of the facts shows that the Bankruptcy Court was in error when it found that Mr. Book had signed the Complaint for purposes of harassment, delay, or increasing costs. Mr. Book had sufficient reason to believe that the payment made to K.W. Well Service may have been preferential, and the Complaint was a good faith attempt to recover what he believed to be money that belonged to the bankruptcy estate. Therefore, the judgement of the Bankruptcy Court of October 7, 1987, in which Mr. Brian Book was found to have violated Bankruptcy Rule 9011 and was sanctioned in the amount of $13,308.01 is hereby REVERSED and REMANDED to the Bankruptcy Court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.