DuFresne & DuFresne, Miami, Fla., for debtor/defendant.

---

In re Luther Washington ANDERSON, Debtor.

TEACHERS SERVICE ORGANIZATION, INC., Plaintiff,

v.

Luther Washington ANDERSON, Defendant.

Bankruptcy No. 80–01394–BKC–TCB.
Adv. No. 81–0093–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

April 8, 1981.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks a determination that its claim of $1,736 is nondischargeable under 11 U.S.C. § 523(a)(2)(B). (C.P. No. 1). Defendant has answered. (C.P. No. 9). The matter was tried before me on April 1. This order incorporates findings and conclusions as authorized by B.R. 752(a).

The plaintiff's credit union had dealt with the debtor, a teacher since November, 1976. The relationship had been a satisfactory one and the debtor's first two loans, November 1976 and November 1978 were uneventful until July, 1979 when the balance which

remained due on the 1978 loan, $1,809, was refinanced in a new note for $2,500. Plaintiff demanded and received a written financial statement dated July 26, 1979 which purported to state all of his outstanding debts, as well as his assets and income. The statement was signed by the debtor.

The statement accurately reflects the debtor's assets and income, but understates his obligations by omitting all reference to two debts and revealing only a fraction of the amount owed to a third creditor. I find the statement to be materially false as a written statement respecting the debtor's financial condition.

Plaintiff makes its loan decisions on the ratio between the borrower's total monthly obligations to all creditors, including the amount necessary to carry the new loan, compared with the monthly net income of the borrower. In the case of a teacher with a clear history, of loan repayment, a ratio of 60% is acceptable. The application presented by the debtor fell well within the 60% limit, but this application would have exceeded the 60% limit if the debtor had fully disclosed all of his liabilities.

The debtor argues that plaintiff did not reasonably rely upon this statement, because it had requested and received a credit check from another source before approving this loan and the credit check revealed the existence and amount of the additional debt owed to the creditor, G.E.C.C., whose claim was grossly understated. The debtor's argument would be persuasive, but for the fact that if the G.E.C.C. debt is omitted from the calculation of the actual ratio, the debtor would still have displayed a debt ratio exceeding 60% and, therefore, would still have been denied a loan had he not concealed the remaining obligations. I find that plaintiff reasonably relied upon the debtor's false representation.

The remaining element necessary to plaintiff's relief under this subsection of the Code is that this court finds that the debtor made the misrepresentation in question with an actual intent to deceive the plaintiff. 3 *Collier on Bankruptcy*, (15th Ed.) ¶ 523.09[5][b]. The debtor argues that he is not a businessman and that his separation from his wife in January, 1977 (they have since divorced), produced some confusion as to his personal liability. He states that he did not intend to deceive the plaintiff.

The debtor is a well educated man with no physical or mental impairment. If, as he says, he did not read the application he signed, he acted with such reckless disregard that I must find that he acted fraudulently. If, as I believe, he knew what he was doing, I find that the misstatement was made with an actual intent to deceive. The form specifically instructed the debtor to:

"Include those debts for which you have co-signed with your spouse or others."

It is undisputed that all of the debts in question here were incurred in the name of this debtor, not his wife. However, once again, even if those obligations he tells us have been assumed by his ex-wife are omitted from the calculation of the debt ratio, he would have exceeded the 60% limit had there been a full and complete disclosure made in the financial statement. I find that the debtor made this false representation with an actual intent to deceive the plaintiff.

It follows that the debt owed to the plaintiff is nondischargeable under § 523(a)(2)(B). The amount of the liability, $1,736 as of October 27, 1980, the date this bankruptcy proceeding commenced, is undisputed.

As is required by B.R. 921(a), a separate judgment will be entered in the amount just recited for the plaintiff against the debtor and that obligation will be declared nondischargeable. Costs will be taxed on motion.