In re James C. DAVENPORT, Debtor.

**DEAN WHITTER REYNOLDS, INC., Plaintiff,**

v.

**James C. DAVENPORT, Defendant.**

Bankruptcy No. S83–40147.
Adv. No. 83–4261.

United States Bankruptcy Court,
N.D. Mississippi,
Greenville Division.

June 14, 1984.

David Bowers, Thomas, Price, Alston, Jones & Davis, Jackson, Miss., for plaintiff.

William Thomas, Greenville, Miss., and Glen Hall, Jackson, Miss., for defendant.

OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

Came on to be heard and was heard the complaint to determine dischargeability of a debt filed by the Plaintiff, Dean Whitter Reynolds, Inc.; answer, affirmative matters, and affirmative defenses filed by the Defendant, James C. Davenport; all parties being represented in Court by their respective attorneys of record; on proof in Open Court; and the Court having heard and considered same, finds as follows, to-wit:

I.

The Debtor, James C. Davenport, hereinafter referred to as Davenport or Defendant, on behalf of his employer, Yazoo County Seed Company, opened and maintained a customer account with Dean Whitter Reynolds, Inc., hereinafter referred to as Dean Whitter, and as such was involved in trading commodity contracts. Davenport subsequently personally guaranteed the corpo-

rate commodity account as evidenced by his execution of a Guaranty of Account, dated July 7, 1982, (stipulated Exhibit 4). In an effort to meet certain margin calls, Davenport, who was the President of Yazoo County Seed Company and responsible for the day to day activities of that corporation, executed the following checks, all drawn on the Yazoo County Seed Company bank account with Deposit Guaranty National Bank:

a. Check dated January 18, 1983, in the sum of $48,500.00, payable to Dean Whitter Reynolds, Inc., and dishonored by Deposit Guaranty National Bank for insufficient funds.

b. Check dated January 21, 1983, in the sum of $34,735.00, payable to Dean Whitter Reynolds, Inc., and dishonored by Deposit Guaranty National Bank for insufficient funds.

c. Check dated January 24, 1983, in the sum of $100,775.00, payable to Dean Whitter Reynolds, Inc., and dishonored by Deposit Guaranty National Bank for insufficient funds.

(Each of the aforesaid checks was introduced into evidence as stipulated Exhibit 7.)

The total amount of the dishonored checks was $184,010.00, but Dean Whitter offset two payable transactions against this sum in the respective amounts of $58,223.10, and $9,021.90 (totaling $67,245.00), leaving a deficit of $116,765.00. Subsequently, Dean Whitter partially settled claims against Yazoo County Seed Company, the corporate entity, and Deposit Guaranty National Bank for $40,000.00, which tentatively reduced the aforementioned deficit to $76,765.00. Dean Whitter alleges that this amount is a non-dischargeable debt as to the Defendant Davenport pursuant to Title 11 U.S.C. § 523(a)(2).

## II.

11 U.S.C. § 523(a)(2) provides as follows, to-wit:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

According to the testimony of Robert M. Harding, Dean Whitter Vice President, when initially opening the commodity account, Davenport executed on behalf of Yazoo County Seed Company a commodity account application hedge, dated November 2, 1981, which reflected a corporate net worth of $1,740,000.00, and annual sales of $1,380,000.00, (Stipulated Exhibit 1). This application would permit trades in at least 50 commodity contracts. Davenport acknowledged his signatures on this document, as well as, the other commodity account applications discussed hereinbelow.

On July 7, 1982, Davenport executed a second commodity account application hedge which would permit trades by Yazoo County Seed Company in 90 commodity contracts. This application reflected a corporate net worth of $2,344,000.00, and annual sales of $2,400,000.00, (Stipulated Exhibit 5).

On January 10, 1983, Davenport executed a third commodity account application hedge which would permit trades by Yazoo County Seed Company in 180 commodity contracts. This application reflected a corporate net worth of $2,367,000.00, and annual sales of $5,400,000.00, (Stipulated Exhibit 6).

Due to the substantial increase in the number of commodity contracts that were contemplated as being traded in the third application, Harding requested audited financial statements from Davenport, but such statements were never received. On June 21, 1983, Davenport filed this individual Chapter 7 Bankruptcy, listing Dean Whitter as an unsecured creditor, resulting from his guaranty of the corporate indebtedness.

As to the information appearing on the several applications, Harding stated that he believed the figures were accurate and that he relied on these figures in extending the credit afforded by the commodity margin account. He emphasized that a customer's net worth is a critical factor in determining the volume of commodity contracts that his company would permit to be traded. The number of such contracts is directly proportional to the amount of credit extended.

Burdette Boyd, testified that at the time of the several transactions with Dean Whitter, that he was Vice President and the owner of fifty percent of the stock of Yazoo County Seed Company. He was not aware of any corporate meetings that were held to authorize the transactions with Dean Whitter, and significantly, he testified unequivocally that the corporate net worth during this period was no more than $30,000.00.

The Defendant Davenport, when testifying, stated that he did not furnish the financial information regarding Yazoo County Seed Company, and was not aware as to whether such information appeared on the three applications when he signed his name thereto. This testimony did not appear credible to the Court, but regardless, if Davenport did, in fact, execute the applications "in blank", then he recklessly and negligently acted at his peril. See *In Re: Anderson*, 10 B.R. 607 (Bankr. SD Fla.—1981), wherein the Court held that if the debtor did not read an application, containing financial information, which he signed, that he acted with such reckless disregard that it would be found that he acted fraudulently, and the related indebtedness was accordingly non-dischargeable.

### III.

That by the execution of the Guaranty of Account, the indebtedness of Yazoo County Seed Company to Dean Whitter, in effect became the debt of Davenport. Coincidentially, the Guaranty of Account was executed on the same date that Davenport furnished the second commodity account application hedge reflecting the corporate net worth in the sum of $2,344,000.00. *In the Matter of Bardwell*, 610 F.2d 228 (CA 5th Cir.—1980), the Court stated as follows:

"... Obtaining credit by a materially false financial statement will prevent bankruptcy discharge if the bankrupt either had actual knowledge of the falsity of the statement or demonstrated reckless indifference to the accuracy of the facts stated therein.... *Citing cases.*"

Insofar as this case is concerned, there is absolutely no question but that the three commodity account applications were materially false. This Court finds that the extensions of credit by Dean Whitter to Yazoo County Seed Company and/or the Defendant Davenport were obtained by false pretenses or representations amounting to actual fraud. The representations concerning the assets, liabilities, net worth, and annual sales were knowingly and fraudulently made and were reasonably relied upon by Dean Whitter in extending credit through the commodity margin account. The proof is clear and convincing that the Defendant Davenport violated the provisions of 11 U.S.C. § 523(a)(2), and as such his indebtedness to Dean Whitter is non-dischargeable. See *In Re: Boettcher*, 7 B.R. 258 (Bankr. SD Fla.—1980).

An Order will be entered consistent with this Opinion.