In re Richard Carlton PEACOCK II, Debtor.

V. John Brook, as Chapter 7 Trustee of the Estate of Richard Carlton Peacock II, Plaintiff,

v.

Ford Motor Credit Company, LLC, a Delaware corporation, Defendant.

Bankruptcy No. 8:09–bk–28719–CPM.
Adversary No. 10–ap–01199–CPM.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 2, 2011.

Thomas D. Pulliam, Thomas D. Pulliam Attorney at Law, Lakeland, FL, Harold E. Barker, DiCesare, Davidson & Barker PA, Lakeland, FL, for Debtor.

Thomas A. Lash, Attorney for Trustee, Lash & Wilcox, P.L., Tampa, FL, for Plaintiff.

### ORDER AND MEMORANDUM OPIN-ION DENYING IN PART AND DE-FERRING IN PART DEFEN-DANT'S MOTION TO DISMISS OR ABSTAIN

CATHERINE PEEK McEWEN, Bankruptcy Judge.

THIS PROCEEDING came on for consideration without a hearing on the Defendant's Motion to Dismiss or Abstain (the "Motion") (Doc. 12). In the Motion, the Defendant asks the Court to dismiss the complaint or abstain from hearing this adversary proceeding based on the decision of the United States Supreme Court in *Stern v. Marshall,* — U.S. ——, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), decided on June 23, 2011. The Motion also asserts that the Plaintiff has failed to comply with the Order Setting Trial and Establishing Pre-Trial Procedures (Doc. 7) and seeks sanctions for the alleged violation of that order. For the reasons set forth below, the Court finds that it is appropriate to deny the request to dismiss or abstain and to defer for hearing the request for sanctions.

The current proceeding involves a complaint by the chapter 7 trustee of the related bankruptcy case, the Plaintiff, to recover damages from the Defendant for the benefit of the Debtor's estate, based on alleged violations of the Florida Consumer Collections Practices Act ("FCCPA"). Originally, in its answer (Doc. 3, at paragraph 3), the Defendant admitted the complaint's assertion that the Court had jurisdiction over the proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).[1] Since then, the

---

1. Core proceedings, which bankruptcy judges may hear and decide under 28 U.S.C. § 157(b)(1), include "proceedings affecting the liquidation of the assets of the estate or

Supreme Court's recent, much-debated jurisprudence on bankruptcy court jurisdiction has apparently led the Defendant to re-think its position and raise lack of jurisdiction. The Defendant's re-thinking has come too late for it to receive the relief it seeks, and besides, its reliance on *Stern v. Marshall* is misplaced.

*Stern v. Marshall*

The Motion asks the Court to dismiss this proceeding or to abstain from hearing this proceeding based on the decision in *Stern v. Marshall*. In that case, the Supreme Court held that the bankruptcy court below lacked Article III constitutional authority to enter a final judgment on a state law counterclaim that technically fell within the bankruptcy court's statutory core jurisdiction under 28 U.S.C. § 157(b)(2)(C).[2] The Supreme Court so held because it determined that resolution of the counterclaim was not necessary for the bankruptcy court to rule on a creditor's proof of claim. *Stern v. Marshall, supra*, 131 S.Ct. at 2620. This holding is limited to precisely those facts: "We conclude today that Congress, in one isolated respect, exceeded that [Article III] limitation. . . ." *Id.* The narrow holding in *Stern*, as just described, does not impact a bankruptcy court's ability to enter a final judgment in any other type of core proceeding authorized under 28 U.S.C. § 157(b)(2). Similarly, *Stern* does not impact a bankruptcy court's ability to hear non-core matters under 28 U.S.C. § 157(c), albeit not decide them absent the parties' consent.

*FCCPA claims by trustee are non-core*

■ The present adversary proceeding does not involve resolution of a state law counterclaim, so *Stern* does not supply the rule of decision on the Motion. Rather,

the Court's ability to enter a final judgment in the present proceeding turns on whether the proceeding is a core proceeding, meaning that the proceeding either "arises under" title 11 or "arises in" a case under title 11. *See Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); 28 U.S.C. § 157(b). The undersigned has routinely held that FCCPA claims by a chapter 7 trustee are only "related to" a case under title 11. *Accord In re Hathcock*, 437 B.R. 696, 699 n. 1 (Bankr.M.D.Fla.2010) (court had "related to" jurisdiction to hear FCCPA claims). Such claims are estate property that could conceivably have an effect on the administration of the bankruptcy case, yet could exist outside of the bankruptcy. Therefore, this FCCPA action is not a core proceeding, notwithstanding that 28 U.S.C. § 157(b)(2)(O) could be read otherwise. As a non-core proceeding, the Court may hear the present dispute, but it cannot enter a final judgment without the parties' consent. 28 U.S.C. § 157(c)(2).

*Effect of admission of jurisdiction*

■ The Court now turns to the question raised by the Defendant's consent. Given that the Defendant admitted the complaint's erroneous legal conclusion concerning the "coreness" of the proceeding, should the Court relieve the Defendant of the admission or, alternatively, treat the Defendant's admission as consent to the undersigned's both hearing *and deciding* the parties' dispute? Authority exists for the proposition that consent may be implied and that even a mistaken admission of core jurisdiction acts as consent. *See,*

---

the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(O).

2. Core proceedings also include "counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C).

*e.g., In re OCA, Inc.,* 551 F.3d 359, 368 (5th Cir.2008) (failure to object to full adjudicative power of bankruptcy court in non-core proceeding constitutes implied consent); *In re C.W. Min. Co.,* 2009 WL 4906702 (D.Utah Dec.11, 2009), *citing In re St. Mary's Hosp.,* 117 B.R. 125, 131 (Bankr.E.D.Pa.1990) (admission that non-core proceeding is core is irrevocable consent to bankruptcy court's determination); *cf., Matter of Barney's Boats of Chicago, Inc.,* 616 F.2d 164, 166 (5th Cir.1980) (failure to timely challenge bankruptcy court's summary jurisdiction under Bankruptcy Act amounts to consent).[3] The trial in this proceeding is scheduled for September 7, 2011. The Motion was filed August 23, 2011. The Defendant's last-minute, indirect attempt to revoke its deemed consent to the undersigned's deciding this proceeding is not well-taken, especially without a showing of cause—perhaps even good cause. *See, e.g., In re Kingsley Capital, Inc.,* 423 B.R. 344, 352 (10th Cir. BAP 2010) (revocation of consent requires filing of a motion and showing of good cause).[4] The Court need not decide here the quantum of cause required; that is because the Defendant has not filed a motion to withdraw its admission. But the Court observes that, as with other requests to amend pleadings, the closer a party is to trial, the more scrutiny is warranted.

**3.** The Eleventh Circuit Court of Appeals has adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals issued before October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

**4.** The Court is concerned that perhaps the real "cause" of the last-minute change in position is not the Supreme Court's ruling in *Stern v. Marshall,* but rather this Court's recent oral ruling (which will soon be reduced to writing and published) in a similar adversary proceeding brought by a chapter 7 trustee in *Meininger v. Chase Bank, N.A. (In re Gutshall),* Adv. Pro. No. 8:10–ap–00977–CPM.

*Permissive abstention*

■ The Court next considers the Defendant's equally last-minute request for permissive abstention under 28 U.S.C. § 1334(c)(1). The Court will not abstain. Even if the Court were to relieve the Defendant of its consent to jurisdiction and treat this proceeding as a non-core proceeding without both parties' consent, the Court would still hear the proceeding and make recommendations to the district court in accordance with 28 U.S.C. § 157(c)(1) and not exercise permissive abstention. Here is why:

■ Exercise of permissive abstention is appropriate when abstention is in the interest of justice, in the interest of comity with State courts, or out of respect for State law. 28 U.S.C. § 1334(c)(1). The factors a court should consider when determining whether it should abstain from hearing a particular proceeding include the following:

(1) The effect or lack thereof on the efficient administration of the estate if a court abstains,

(2) The extent to which state law issues predominate over bankruptcy issues,

(3) The difficulty or unsettled nature of applicable law,

In *Meininger,* which also involved FCCPA claims, the undersigned struck the defendant creditor's setoff defense, determining, *inter alia,* that to permit it would violate public policy and that the elements of setoff under Florida law were not present in any event. Counsel for the Defendant in this adversary proceeding staffed the hearing at which the *Meininger* ruling was announced. Should *Meininger* be the reason for the Defendant's change in position, the Court notes that forum shopping can *never* be cause for leave to withdraw consent to the bankruptcy court's adjudicative authority.

(4) The presence of a related proceeding commenced in state court or other non-bankruptcy court,

(5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) The substance rather than form of an asserted "core" proceeding,

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) The burden of the bankruptcy court's docket,

(10) The likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties,

(11) The existence of a right to a jury trial, and

(12) The presence in the proceeding of non-debtor parties.

*In re Wood,* 216 B.R. 1010, 1014 (Bankr. M.D.Fla.1998).

The Court finds that the first, third, fourth, eighth and eleventh factors are relevant to the ongoing proceeding. As to the first factor, the Court notes that the discovery deadlines have run and the trial date is less than one week away. Thus, concern for judicial efficiency weighs heavily in favor of this Court's continued non-core jurisdiction over this proceeding. In addition, this Court is very familiar with the legal issues raised in the complaint, the legal issues are not difficult or unsettled, the Defendant has not requested a jury trial, and the Court knows of no related proceedings commenced in State court. Abstention in this particular proceeding would, therefore, not serve the interests of justice or comity with State courts or respect for State law.

Accordingly, it is

ORDERED that

1. The Motion is denied as to the request for dismissal or abstention based on lack of jurisdiction.

2. The Court will hear and decide this proceeding based on the consent of the parties.

3. The Court defers ruling on the request for sanctions based on alleged noncompliance with a court order and will hear argument on that request at the hearing scheduled for September 7, 2011 at 9:30 a.m., the same date and time set for the trial.