468 B.R. 429 (2011)
In re ROTHSTEIN ROSENFELDT ADLER, P.A., Debtor.
Herbert Stettin, as Trustee, Plaintiff,
v.
Gibraltar Private Bank & Trust Company, Defendant.
No. 11-60748-Civ.
United States District Court, S.D. Florida.
November 28, 2011.
Robert F. Elgidely, John H. Genovese, Genovese Joblove & Battista, Fort Lauderdale, FL, for Plaintiff.
C. Thomas Tew, Jr., Bryan Thomas West, Claudio Riedi, Joseph A. Demaria, Tew Cardenas LLP, Miami, FL, for Defendant.

ORDER WITHDRAWING THE REFERENCE TO BANKRUPTCY COURT
ROBERT N. SCOLA, JR., District Judge.
THIS MATTER is before the Court following an independent review of the record.
On July 14, 2011, the Court entered an Order [ECF No. 10] granting the Motion to Withdraw the Reference to Bankruptcy Court filed by Gibraltar Private Bank & Trust, Co. ("Gibraltar") [ECF No. 1]. The Court's Order withdrew the reference to the bankruptcy court for purposes of trial, but left in place the reference as to all other matters, including dispositive pre-trial motions. Thereafter, Gibraltar filed a motion [ECF No. 11] seeking reconsideration *430 of the Order based upon the Supreme Court's decision in Stern v. Marshall, ___ U.S.___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), which Gibraltar contends precludes the bankruptcy court from adjudicating case dispositive motions. As such, Gibraltar sought a new order withdrawing the reference as to trial and pre-trial dispositive motions. On August 10, 2011, the Court entered an Order [ECF No. 12] vacating its prior Order [ECF No. 10] in light of the Stern decision and Gibraltar's request for reconsideration. The Court did not, however, enter any superseding order resolving the question of Stern's application here. Following transfer of this case to the undersigned, the Court has carefully reviewed and considered the record, the pertinent filings, and applicable case law.
In Stern, "[t]he Supreme Court merely held that Congress exceeded its authority under the Constitution in one isolated instance by granting bankruptcy courts jurisdiction to enter final judgments on counterclaims that are not necessarily resolved in the process of ruling on a creditor's proof of claim." See In re Safety Harbor Resort & Spa, 456 B.R. 703, 705 (Bankr. M.D.Fla.2011). As a number of courts have recognized recently, Stern issued a very narrow, case specific holding. See, e.g., In re Peacock, 455 B.R. 810, 812 (Bankr.M.D.Fla.2011) ("This holding is limited to precisely those facts: `We conclude today that Congress, in one isolated respect, exceeded that [Article III] limitation[.]'. . . The present adversary proceeding does not involve resolution of a state law counterclaim, so Stern does not supply the rule of decision on the Motion."); In re Safety Harbor Resort & Spa, 456 B.R. at 705 ("The Supreme Court's holding in Stern was very narrow."); see also In re BankUnited Fin. Corp., 462 B.R. 885, 891 (Bankr.S.D.Fla.2011) ("I am not going to be one of those bankruptcy judges who seizes on, and seeks to analyze, every line in the Stern opinion to determine what ripples may emerge from the self-described isolated pebble dropped in the jurisdictional waters. I agree with Judge Williamson's opinion in In re Safety Harbor Resort and Spa, 456 B.R. 703, 718 (Bankr.M.D.Fla.2011)`[t]he Supreme Court does not ordinarily decide important questions of law by cursory dicta.' As a bankruptcy court, I will not [make decisions] based on extrapolations of what the Chief Justice took great pains to emphasize is the narrow holding of Stern"). Indeed, the Court itself was quick to emphasize that "the question presented here is a `narrow' one" and "our decision today does not change all that much" in bankruptcy law. See Stern, 131 S.Ct. at 2620.
Nevertheless, given Stern's relatively new vintage and the uncertainties concerning the full extent of its applications, see, e.g., In re BankUnited Fin. Corp., 462 B.R. at 899 ("Since its release, a maelstrom of opinions and articles have been written about the scope of Stern, ranging in tone from `much ado about nothing' to `the end of the bankruptcy world as we know it.'"), the Court will withdraw the reference as to any case dispositive motions. Pursuant to 28 U.S.C. § 157(c)(1), however, all such motions shall be referred to the bankruptcy court for proposed findings of fact and conclusions of law. This procedure strikes an appropriate balance of the interests at stake, while also respecting the self-described narrowness of the Supreme Court's decision in Stern. See In re Wilderness Crossings, LLC, 2011 WL 5417098, at *2 (Bankr.W.D.Mich. Nov. 8, 2011) ("Our common law tradition counsels in favor of hewing closely to the holdings of higher authority and although the multifarious rationales in Stern are quite broad, the holding is mercifully narrow."); In re Bujak, 2011 WL 5326038, at *2 *431 (Bankr.D.Idaho Nov. 3, 2011) ("Despite what the majority actually said in Stern, some insist that the decision foretells a jurisdictional Armageddon for the bankruptcy courts. This Court disagrees. It instead chooses to believe the Supreme Court's own assessment of the decision's impact, and discounts those who argue that the sky is falling. While the Supreme Court in the future may explain its decision, and could conceivably expand the reach of Stern's constitutional analysis, . . . this Court need not do so. Instead of attempting to predict the future, this Court should carefully apply Stern's holding in its cases, and refrain from extending that holding to facts different from those in Stern.").
Accordingly, it is hereby ORDERED and ADJUDGED as follows:
1. The bankruptcy reference is withdrawn insofar as it includes a reference for trial on any legal or factual issues and causes of action. If and when this proceeding becomes ready for trial, the bankruptcy court shall promptly so notify this Court. Subsequently, once this matter has been placed on the Court's trial calendar, the bankruptcy court shall transfer the proceeding for jury trial before the undersigned United States District Judge.
2. The bankruptcy reference is also withdrawn as to all case dispositive motions. Pursuant to 28 U.S.C. § 157(c)(1), however, the undersigned hereby refers all such motions to the bankruptcy court for proposed findings of fact and conclusions of law.
3. The bankruptcy court reference is affirmed in all other respects. Therefore, the bankruptcy court shall have the authority and responsibility to conduct, hear, and rule upon all other pretrial matters.
4. It is further ordered that this case shall be administratively CLOSED pending further pretrial proceedings before the bankruptcy court.
DONE and ORDERED.