**In re Daniel J. MILES, Debtor.**

**James C. Cifelli, Trustee, Plaintiff,**

**v.**

**Nerissa Mursalim, Defendant.**

**Bankruptcy No. 09–92601–MHM.**
**Adversary No. 11–5705.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Sept. 20, 2012.

Joseph J. Burton, Jr., Rosemary S. Armstrong, Mozley, Finlayson & Loggins, LLP, Atlanta, GA, for Debtor.

James C. Cifelli, Atlanta, GA, pro se.

Christopher D. Phillips, William D. Matthews, Lamberth, Cifelli, Stokes, Ellis & Nason, Atlanta, GA, for Plaintiff.

Robin N. Loeb, Garland, Samuel & Loeb PC, Atlanta, GA, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

MARGARET H. MURPHY, Bankruptcy Judge.

This adversary proceeding is before the Court on Defendant's *Motion to Dismiss.* Plaintiff, as Chapter 7 Trustee ("Trustee"), filed a complaint seeking to avoid and recover allegedly fraudulent transfers from Debtor to Defendant Nerissa Mursalim ("Defendant") pursuant to 11 U.S.C. §§ 544 and 550. Defendant's motion seeks a dismissal of the complaint for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and because this Court lacks the authority to adjudicate the claim under *Stern v. Marshall,* —— U.S. ——, 131 S.Ct.

2594, 180 L.Ed.2d 475 (2011). After Defendant's Motion to Dismiss, Trustee's Response to that motion, and Defendant's Reply Brief in support of the motion were filed, Trustee filed a Sur–Reply in opposition to Defendant's motion to dismiss and Defendant moved to strike that Sur–Reply filed March 9, 2012. Because the Sur–Reply merely discusses and clarifies cases and arguments already presented, it is not prejudicial and Defendant's motion to strike is denied. For the reasons set forth below, Defendant's motion to dismiss is also denied.

## I. STATEMENT OF FACTS

These proceedings stem from an involuntary Chapter 7 petition filed against Debtor December 9, 2009. On December 17, 2009, an Order for Relief under Chapter 11 was entered in connection with Debtor's motion to convert the case to Chapter 11. On June 1, 2010, the case was re-converted to Chapter 7.

Trustee's complaint challenges two transfers made by Debtor to Defendant: (1) $6,000 transferred on or about September 3, 2009, and (2) an 11.27 carat weight brilliant clear diamond in a platinum setting (the "Ring"). Trustee's complaint states that "Defendant contends that the Debtor transferred the Ring to her in October 2007 as part of a marriage engagement," that the engagement was terminated in May 2008, and alleges that the marriage was a sham designed to defraud Debtor's creditors. Trustee states that Defendant sold the Ring to East Coast Jewelry for $525,000 in October 2009, and subsequently lent Debtor a portion of the proceeds and invested a portion in Marquise Investments, LLC, an entity for which Debtor works as a consultant.

Defendant has not filed a proof of claim to Debtor's estate, and states that she will

demand a jury trial on all claims raised by the Complaint.

## II. CONCLUSIONS OF LAW

Article III, Section 1 of the United States Constitution vests the judicial power in the Supreme Court and in federal courts created by Congress. In *Stern v. Marshall,* the Supreme Court concluded that the bankruptcy court did not have the constitutional power to enter final judgement in a counterclaim for tortious interference with a gift, filed in a response to the defamation claim against a debtor's estate, because bankruptcy courts are not vested with the judicial power under Article III. ⸺ U.S. ⸺, 131 S.Ct. 2594, 2611, 2614–16, 180 L.Ed.2d 475. This Court has joined others in characterizing *Stern* as "a 'narrow' decision dealing only with the authority of the bankruptcy court to enter final judgement in state law counterclaims against a creditor ... [and] 'does not impact a bankruptcy court's ability to enter a final judgment in any other type of core proceeding authorized under 28 U.S.C. § 157(b)(2).'" *Cifelli v. Blue Star Residential, LLC,* 477 B.R. 266 (Bankr.N.D.Ga. 2012) (J. Murphy) quoting *Peacock v. Ford Motor Company, LLC,* 455 B.R. 810, 812 (Bankr.M.D.Fla.2011).

▓▓ Under the Seventh Amendment, a person who has not filed a claim in a bankruptcy proceeding has the right to a jury trial in an action·to recover an allegedly fraudulent transfer. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 36, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Where district rules permit, and with the express consent of all parties, a bankruptcy judge may conduct a jury trial. 28 U.S.C. § 157(e). However, where the parties do not consent to jury trial before a bankruptcy judge, the bankruptcy court rules on all pre-trial motions, and the proceeding is transferred to the district court when the case is ready for trial. Bankr.Local Rule 9015–3(a) (N.D.Ga.)

Bankruptcy Rule 7008 applies Rule 8 of the Federal Rules of Civil Procedure to adversary proceedings.

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.

Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Bell Atlantic,* 550 U.S. at 556, 127 S.Ct. 1955). Plausibility does not require probability, but does require something "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*citing Bell Atlantic,* 550 U.S. at 556, 127 S.Ct. 1955).

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 *quoting Twombly.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

▓▓ "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). Whereas the purpose of Fed.R.Civ.P. 9(b) is to ensure that defendants have notice of the conduct complained of in a plaintiff's claim, the Rule may be satisfied where the "complaint sufficiently describes the acts and provides defendants with sufficient information to answer the allegations." *General Cigar Co., Inc. v. CR Carriers, Inc.*, 948 F.Supp. 1030, 1037 (M.D.Ala.1996). However, in the Northern District of Georgia, "a heightened pleading standard under Rule 9(b) applies to all claims of actual fraud under the UFTA, but not constructive fraud claims." *Alliant Tax Credit Fund 31–A, Ltd. v. Murphy*, 2011 WL 3156339 (N.D.Ga. July 26, 2011); accord *Kipperman v. Onex Corp.*, 2007 WL 2872463 (N.D.Ga. Sept. 26, 2007).

## III. DISCUSSION

**A. *Stern v. Marshall* does not prevent the court from adjudicating the fraudulent conveyance action where Defendant neither filed a proof of claim nor consented to bankruptcy court adjudication.**

Defendant argues that the Supreme Court noted in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) that fraudulent conveyance cases are "quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankruptcy corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy *res*," and, therefore, under *Stern*, a fraudulent conveyance action against a defendant who has neither filed a proof of claim nor consented to adjudication by a bankruptcy court must be adjudicated by an Article III court. Defendant's arguments here are substantively identical to those in *Cifelli v. Blue Star Residential, LLC* and, as in that case, Defendant's interpretation of *Stern* is too broad. 477 B.R. at 270 (joining a number of other courts in interpreting *Stern* to apply only to state law counterclaims by the bankruptcy estate).

Defendant argues that, because 28 U.S.C. § 157(c)(1) explicitly authorizes bankruptcy judges only to submit proposed findings of fact and conclusions of law to the district court in a proceeding that is not a "core proceeding," and because a fraudulent conveyance action is statutorily a "core proceeding" under 28 U.S.C. § 157(b)(2)(H), the bankruptcy court cannot submit proposed findings of fact and conclusions of law to the district court in the present case. Thus, Defendant argues, if *Stern* prevents the bankruptcy court from entering a final judgment in a fraudulent conveyance action, and the Code does not provide for a procedure by which the court may submit proposed findings of fact and conclusions of law to the district court, the bankruptcy court has no authority to hear the matter. Defendant argues, then, that if the court has no power to hear the matter, the case must be dismissed for lack of subject matter jurisdiction.

Defendant's argument depends on *Stern* precluding this court from entering a final judgment, and so it must fail. Even if a bankruptcy court cannot enter a final judgment on a fraudulent conveyance action, however, Defendant has offered no authority to support the conclusion that the Code precludes this court from issuing proposed findings of fact and conclusions of law. Defendant has, however, pointed to "well-reasoned arguments" within a number of cases, without explanation, reiterating the argument that *Stern* should be read broadly to render the final adjudication of a fraudulent conveyance action by a

bankruptcy court unconstitutional. *In re: Whitaker,* 2011 WL 4790755, 2011 Bankr.LEXIS 3761 (Bankr.N.D.Ga., Sept. 30, 2011) granted summary judgment where the defendant was entitled to judgment on the merits of his case, and the *pro se* plaintiff raised new, unripe, common law causes of action immediately prior to the hearing; it provides little guidance in this motion to dismiss. The other cases cited by Defendant are not controlling, and though each supports the argument that *Stern might* preclude the bankruptcy court from issuing a final judgment, none advance the notion that the bankruptcy court cannot, at a minimum, propose findings of fact and conclusions of law. *In re Teleservices Group, Inc.,* 456 B.R. 318 (Bankr. W.D.Mich.2011) ("[T]his court's decisions in the matters presented to it will be submitted to the district court as a non-core matter on report and recommendation."); *In re: Canopy Financial Inc.,* 464 B.R. 770 (N.D.Ill.2011) (holding "that Stern did not strip the Bankruptcy Court of the authority to hear Paloian's claims against [defendant] and to propose findings of fact and conclusions of law on those claims to this court."). If the bankruptcy court were without the power to issue final adjudication, the lack of explicit authorization by the Code is not enough to prevent the court from issuing proposed findings of fact and conclusions of law. *Cifelli,* 477 B.R. at 271; *In re Heller Ehrman LLP,* 464 B.R. 348, 355 (N.D.Cal.2011).

■ Without a claim against Debtor's estate, Defendant may be entitled to a jury trial if a demand is properly filed. *Granficanciera,* 492 U.S. at 36, 109 S.Ct. 2782. Defendant may consent to that jury trial taking place before the bankruptcy court, but has a constitutional right to determination of its case by a jury trial in the district court if it so wishes. However, where the parties do not consent to jury trial before a bankruptcy judge, the Bankruptcy court rules on all pre-trial motions, and the proceeding is transferred to the District Court when the case is ready for trial. Bankr.Local Rule 9015–3(a) (N.D.Ga.). Therefore, Defendant is not entitled to dismissal by virtue of its right to a jury trial.

**B. Trustee's Complaint does not fail to state a claim upon which relief may be granted where the complaint provides Defendant with sufficient information to answer the allegations.**

■ Defendant argues that, because Trustee described the allegedly fraudulent transfer of the Ring by stating, "Defendant contends that the Debtor transferred the Ring to her in October, 2007," the allegation is too vague to satisfy the particularity requirement of Rule 9(b). Defendant's argument fails both because, in a fraudulent conveyance action, the complaint need not meet the heightened pleading standard of Rule 9(b), *Alliant,* 2011 WL 3156339, at *5, and because, even if Rule 9(b) did apply, Trustee's complaint would satisfy its requirements. Trustee has described the Ring as "an 11.27 carat weight brilliant clear diamond in a platinum setting," which Debtor purchased "in 2004 or 2005 ... for approximately $650,000." Trustee further states that Debtor purportedly transferred the Ring to Defendant as part of a marriage engagement and that Defendant sold the Ring to East Coast Jewelry for $525,000. No dispute exists about the presence of a ring, and Trustee's statement that "Defendant contends that Debtor transferred the Ring to her in October, 2007" suggests that Defendant is aware of *which* 11.27 carat weight brilliant clear diamond in a platinum setting is described, and of what conduct Trustee complains.

## IV. CONCLUSION

*Stern* and the Constitution do not preclude the bankruptcy court from entering final judgment in a fraudulent conveyance action. Even if they did, however, the court would retain the power to hear such cases and propose findings of fact and conclusions of law to the District Court. If Defendant properly demands a jury trial and does not consent to such jury trial before this court, this adversary proceeding will remain pending before this court until the case is ready for trial, at which time the proceeding will be transferred to the District Court. Moreover, Trustee's complaint does state a claim upon which relief may be granted. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss is *denied.*

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiff's attorney, Defendant's attorney, and the Chapter 7 Trustee.

IT IS SO ORDERED.